Cherry, L,
concurring in part and dissenting in part:
I concur that appellant’s judgment of conviction should be reversed and his case remanded for a new trial on the grounds set forth in the majority opinion.
I also agree with the majority that the determination of a defendant’s ongoing competency during trial must vest with the trial judge who has been assigned to hear the matter.
My difference with the majority opinion concerns which judge hears a competency matter when a defendant has been committed to Lake’s Crossing and is returning to district court after having been found competent to stand trial. I reluctantly agree with the majority that the Eighth Judicial District Court has the discretion to assign the determination of all initial competency matters to Department 5. However, it is my opinion that once a defendant has been committed to Lake’s Crossing and is returned to the district court upon being found competent to stand trial, the appropriate member of the judiciary to determine competency is the trial judge rather than Department 5.
I have the greatest respect and admiration for both the district judge in Department 5 and the chief judge who has assigned initial competency matters to Department 5. I do realize the benefit both in terms of basic due process to the defendants involved in having competency determined as soon as possible and the preservation of *807 judicial resources in using one judicial department to handle all initial competency matters coming from justice court or coming to district court immediately after the filing of an indictment.
However, once a defendant has been committed to Lake’s Crossing and is returned to the district court upon being found competent to stand trial, the case appropriately belongs to the trial judge and not to Department 5. In this way the trial judge can continuously manage the ongoing criminal prosecution, including monitoring the defendant’s mental status and possibly even resolving the matter with an appropriate plea bargain.
I, therefore, respectfully concur in part and dissent in part to the majority opinion in this case.